United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **NELSON ADALI MEJIA-OLIVA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01402** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Nelson Adali Mejia-Oliva's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and, in the Alternative, Complaint for Relief Under the Administrative Procedure Act, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner filed his Petition for Writ of Habeas Corpus on August 10, 2026. (Dkt. 1.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of the Fifth Amendment and the Administrative Procedure Act. (*Id.* at 15–21.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 21–22.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory

detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.[1]

---

[1] Respondents argue that no relief should be granted to Petitioner based on Petitioner's due process claim because of the stay issued in *Sosnava Rodriguez*. (*See* Dkt. 8 at 5.) On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1- 26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g., Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026).

The Court ordered Respondents to respond to Petitioner's petition on or before August 17, 2026. (Dkt. 5.) Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez* and *Sosnava Rodriguez*, (Dkt. 8), and Petitioner filed a reply to Respondents' response, (Dkt. 10). Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782 (S.D. Tex. 2026) and *Strunin v. Garcia*, 827 F. Supp. 3d 976 (S.D. Tex. 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause. Here, Petitioner is a noncitizen who has resided in the United States over eight years. (*See* Dkt. 1 at 7.) Petitioner was initially apprehended by ICE in 2018 and then released from custody into the United States. (*Id.*) Years later, in August of 2026, Petitioner was apprehended by immigration authorities. (*Id.* at 8; Dkt. 8 at 3.) ICE took Petitioner into custody and served him with a Notice to Appear. (*Id.*) Petitioner has remained detained during his ongoing removal proceedings.

Respondents raise an argument that Petitioner's due process claim is improperly characterized as a procedural challenge and that any substantive due process rights are limited to those set out in statute. (*See* Dkt. 8 at 8–10.) Respondents mainly rely on *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003), in addition to citing a line of similar cases. (*See id.*) (citing *Reno v. Flores*, 507 U.S. 292, 308 (1993); *Michael H. v. Gerald D.*, 491 U.S. 110, 119–21 (1989); *Duarte v. City of Lewisville, Texas*, 858 F.3d 348 (5th Cir. 2017)). However, Respondents' arguments continue to ignore a critical point: noncitizens' constitutional rights are not limited to those set out in statute. The cases Respondents cite address whether procedural due process claims can consider factors not specifically enumerated in statute. Significantly, these cases do not consider the right to liberty and the freedom from imprisonment guaranteed by the Fifth

Amendment of the Constitution. Nor do the cases cited by Respondents stand for the proposition that noncitizens are not guaranteed these fundamental rights.[2] And the Court has already found that noncitizens have a protected liberty interest and a right to freedom from detention by virtue of establishing a presence in the United States. *See Bonilla Chicas*, 821 F. Supp. 3d at 792–94.

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be … deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citation omitted); *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S. 346, 362–63 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration detention is permissible only to the extent that it is reasonably related to the

---

[2] The Court also finds that Respondents' cases are not factually comparable to Petitioner's case. In *Doe*, the Supreme Court rejected a challenge to a state sex offender registration law that required him to register without a hearing on whether he was "currently dangerous" because his underlying criminal conviction required registration. 538 U.S. at 6. Registration of convicted sex offenders is not comparable to civil immigration detention. *See Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, 2026 WL 503958 (W.D. Tex. Feb. 23, 2026) ("*Doe* arose in an entirely different context—a challenge to a sex offender registration statute—and did not address an immigration detainee's challenge to their detention without a bond hearing.").

statutory purposes of ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*, 533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have established a presence in the United States have a protected liberty interest and a right to freedom from punitive civil detention that derives from the Constitution and guarantees due process protections under the Fifth Amendment's Due Process Clause. *See Rodriguez v. Frink*, 823 F. Supp. 3d 678, 686–87 (S.D. Tex. 2026). Thus, Respondents' reliance on cases that do not consider violations of the constitutional right to freedom from imprisonment is misplaced.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 700–02 (W.D. Tex. 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685–88 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex.

Oct. 21, 2025); *Marceau v. Noem*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Ceballos v. Garite*, 2026 WL 446509, at *2 n.2 (W.D. Tex. Feb. 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 810 F. Supp. 3d 101, 106–07 (D. Mass. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 821 F. Supp. 3d 727, 729 (W.D. Tex. 2026). Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and, in the Alternative, Complaint for Relief Under the Administrative Procedure Act, (Dkt. 1), is **GRANTED IN PART**. Respondents' Motion to Stay Case and, in the Alternative, Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment

of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this August 24, 2026.

Diana Saldaña
United States District Judge